CASE 27—PETITION ORDINARY—OCTOBER 16.

## Hall v. New Farmers' Banks'Trustee.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

1. HUSBAND AND WIFE—DEPOSIT IN BANK BY MARRIED WOMAN—SET-OFF.—Under the rule of the common law in force in Kentucky prior to the act of March 15, 1894, regulating the property rights of married women, personal property of the wife in her possession after coverture, if general estate, was the property of the husband. Therefore, where the wife deposited in bank in her own name money which was her general estate, and the bank became insolvent, the husband being indebted to the bank had the right to set-off the wife's deposit against this indebtedness.

2. SAME—SEPARATE ESTATE.—Section 16 of article 4, chapter 52 of the General Statutes, authorizing married women to make deposits in bank and declaring that their checks therefor shall be valid was not intended to make such deposits separate estate.

O'REAR & BIGSTAFF FOR APPELLANT.

The money deposited by the wife was in contemplation of law the property of the husband, and was the subject of a just and legal

set-off to the note of $300. (1 Blackst. Com., 435; Co. Litt., 351; Bell v. Bell's Adm'r, 37 Ala., 536; s. c., 79 Am. Dec., 73; Wiggins v. Johnson, &c., 8 Ky. L. R., 348; Woehle, Ex'or, v. Umpfenback, 15 Ky. L. R., 346; McDermott's Appeal, 106 Pa. St., 358; s. c., 51 Am. Rep., 526; Graham v. First Nat'l Bank of Norfolk, 84 N. Y., 393; s. c., 38 Am. Rep., 528.)

Sections 15, 16 and 17 of article 10, chapter 52 of the General Statutes, were not intended to change the common law relation of husband and wife with respect to her personal property.

STONE & SUDDUTH and ALEX. G. BARRET for appellee.

1. Mrs. Hall's deposit was a contract between her and the bank. (General Statutes, chap. 52, art. 4, sec. 16; Williams v. Rogers, 14 Bush, 776; Himstedt v. German Bank, 46 Ark., 537.)
2. In an action against the husband he can not set-off a debt due him in right of his wife. (Chitty on Contracts, 10th Am. ed., p. 957; Sutton v. Mandeville, 1 Cr. C. C., 2; Wingate v. Parsons, 4 Del. Ch., 117; Tillett v. Commonwealth, etc., 9 B. Mon., 438.)

CHIEF JUSTICE PRYOR delivered the opinion of the court.

Mrs. Jennie Hall, the wife of the appellant, E. R. Hall, on the 1st of April, 1893, deposited in the New Farmers Bank of Mt. Sterling to her credit, $438, the bank agreeing to pay 5 per cent. interest thereon. In July, 1893, the bank, being insolvent, made a deed of assignment for the benefit of creditors. The appellee, the Columbia Finance & Trust Co., was designated as the trustee.

Prior to this assignment, on the 26th of February, 1893, the appellant, E. R. Hall (the husband), executed his note, due on the 25th of August, 1893, and payable to the bank, for $300. When the note matured the assignee instituted an action at law to recover the amount due by the husband, and the latter pleaded as a set-off the claim against the bank by reason of the deposit made by the wife on the 1st of April, 1893. A demurrer was filed to this answer and sustained, and judgment rendered for the assignee.

The question arises: Can the husband plead this indebtedness by the bank by reason of the deposit as a set-off to the demand of the bank against him?

It is alleged in the answer that, at the time of this deposit of $438 by the wife, she was the wife of the appellant; that it was not her separate estate, but that of the appellant, and further alleging the wife's consent to the appropriation of the fund as a set-off to the demand of the plaintiff.

By the rule of the common law personal property in possession of the wife after coverture was the property of the husband, and her possession was regarded as that of the husband. In other words, the mere possesion of money or chattels by the wife was not adverse to the husband, but in fact his possession, as at common law the possession of the wife could not well be distinct from that of the husband; and, applying this familiar doctrine, this money deposited belonged (if not separate estate) to the husband. This fund is not a chose in action that the husband has failed to reduce to possession, but was in his possession, in legal contemplation, when and at the time it was deposited in bank, and, if a chose in action, it might well be argued the right of the husband, by the consent of the wife, to an equitable set-off would exist.

It may be and doubtless is the common law rule that in an action by the husband and wife to recover upon a chose in action of the wife the debtor can not plead as a set-off a demand due him from the husband, and for the reason that the wife was not divested of her right until reduced to possession by the husband.

Here, during coverture, the wife has personal property in her actual control, not as separate estate but using it as her own, and if her possession is that of the husband, and such is the common law rule, there is no reason why the hus-

band could not recover the property by an action in his own name.

It is said, however, that section 16 of the General Statutes, article 4, chapter 52, [See Ky. Stats., sec. 591] makes this deposit the separate estate of the wife, or gives her the power to contract with the bank. This section reads: "Married women and minors may make deposits in incorporated institutions authorized to receive deposits, and their checks or receipts for the same shall be valid to the same extent as if they were not married or of full age."

This provision was inserted in the statute for the protection of such corporations as were authorized by law to receive deposits, and to relieve them from the necessity of making inquiry as to the legal disabilities of those who might see proper to lend the bank their funds, and does not deprive the husband of his right to demand the money of the bank if it belongs to him. The wife may have the right to use it and the husband estopped from questioning this right, but where she has deposited the money in bank for *safe keeping*, although subject to her check, this court will not assume that her claim is adverse to that of the husband on the facts alleged in the answer. The bank, it is true, by reason of the deposit, became debtor to the wife, but when it appears that it was in fact the husband's money—that is, in legal contemplation, the husband was entitled to it—we see no reason why we should not be allowed to assert this demand as a set-off to the note upon which he has been made liable.

It is contended that if the husband in this case had been the insolvent party the bank could not have retained the money deposited by the wife in payment of the husband's debt. This would depend upon whose money it was, and, if belonging to the husband, although deposited in the wife's

name, it could be pleaded as a set-off in the settlement of the insolvent's estate.

It will not do to establish the rule that the mere fact of the wife having the actual custody of the chattel or money during coverture is conclusive against the husband or divests him of the possession. (McDermott's Appeal, 106 Pa. State, 358.)

When these transactions took place the common law rule applied in this State as to the marital rights of these parties with reference to personalty.

The judgment below, for the reasons indicated, is reversed and cause remanded, with directions to overrule the demurrer and for proceedings consistent with this opinion.